Michael W. Sebesta
State Bar No. 24033171
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7306
Email: msebesta@chfirm.com

Attorneys for Behrooz P. Vida, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In Re: § | | Case No. 21-42178-mxm7 |
| §| | |
| MACON, INC., § | | |
| § | | Hearing Date: March 12, 2026 |
| Debtor. § | | Hearing Time: 1:30 P.M. |
| § | | |

**TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE**
**(CLAIM NO. 8 IN MATTHEWS STEEL CASE)**

**NOTICE**

**A HEARING ON THE SALE PROPOSED IN THIS MOTION IS SET FOR MARCH 12, 2026 AT 1:30 P.M.**, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF, BEFORE THE HONORABLE BANKRUPTCY JUDGE MARK X. MULLIN, THE ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102. NO OBJECTION TO SUCH SALE WILL BE CONSIDERED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102 AT LEAST 4 DAYS IN ADVANCE OF SUCH HEARING DATE.

**ANY RESPONSE OR OBJECTION TO THE SALE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO OBJECTION OR RESPONSE IS TIMELY FILED, THE MOTION MAY BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE MOTION WITHOUT A HEARING. IF AN OBJECTION OR RESPONSE IS TIMELY FILED AND THE HEARING DATE RESCHEDULED, NOTICE**

**OF THE RESCHEDULED HEARING DATE AND TIME MAY ONLY BE GIVEN TO THOSE PARTIES FILING A WRITTEN OBJECTION OR RESPONSE TO THE MOTION.**

**IF ANY PARTY WISHES TO MAKE A HIGHER CASH OFFER FOR THE PROPERTY, SUCH PARTY SHOULD DELIVER ITS HIGHER CASH OFFER TO THE TRUSTEE ON OR BEFORE THE RESPONSE DEADLINE SET FORTH ABOVE IN THIS MOTION. THE FIRST SUCH HIGHER CASH OFFER MUST BE IN THE MINIMUM AMOUNT OF $22,000.00. ANY SUBSEQUENT BIDS MUST BE IN THE INCREMENTS OF AT LEAST $500.00 OVER THE PRECEDING BID. ANY SUCH BIDDER MUST ALSO DELIVER TO THE TRUSTEE A CASHIER'S CHECK IN THE AMOUNT OF SUCH BIDDER'S BID ON OR BEFORE THE RESPONSE DEADLINE SET FORTH ABOVE. IF A QUALIFYING HIGHER CASH OFFER IS RECEIVED, THE TRUSTEE WILL NOTIFY PIONEER FUNDING GROUP III, LLC AND ANY COMPETING BIDDERS AND SCHEDULE A TELEPHONIC AUCTION FOR THURSDAY, MARCH 12, 2026 BEGINNING AT 10:00 A.M. CST. THE TRUSTEE RESERVES THE RIGHT TO SELL THE PROPERTY TO THE HIGHEST CASH BIDDER, AND AT THE TIME OF THE HEARING ON THE MOTION, WILL REQUEST THAT THE COURT APPROVE THE WINNING BIDDER AS THE PURCHASER. THE SECOND HIGHEST BIDDER WILL BE REQUESTED TO PLACE ON THIS COURT'S RECORD ITS AGREEMENT TO PURCHASE THE PROPERTY AT ITS HIGHEST BID AMOUNT IF FOR ANY REASON THE HIGHEST BIDDER FAILS TO CLOSE THE PURCHASE OF THE PROPERTY FOR ANY REASON.**

Behrooz P. Vida, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of the above captioned debtor (the "Debtor"), hereby requests the entry of an order approving the sale of a certain asset of the Debtor's Estate to Pioneer Funding Group III, LLC ("PFG") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363 (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein is 11 U.S.C. § 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## Background

3. On September 13, 2021, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4. On or about September 13, 2021, the Trustee was appointed as Chapter 7 trustee for the Debtor's bankruptcy estate.

5. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of its creditors in accordance with the Trustee's power and duties.

6. As part of his duties, the Trustee investigated and pursued avoidable transfer and recovery claims the Estate had against insiders of the Debtor named James Matthews and Kathy Matthews (the "Matthews"), and in relation to such claims, also has a claim against affiliated entity Matthews Steel LLC ("Matthews Steel") as a subsequent transferee of the underlying initial transfer to the Matthews.

7. On July 7, 2022, Matthews Steel filed Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Texas – Fort Worth division, Case No. 22-41537-elm7 (the "Matthews Steel Case").

8. On November 4, 2022, the Trustee filed a proof of claim, Claim No. 8, in the Matthews Steel Case for the amount of $149,900.00 based on his claims against Matthews Steel as a subsequent transferee of the underlying transfer (the "Claim").

9. Administration of the Matthews Steel Case is ongoing. Meanwhile, the Macon case has been open for approximately 4.5 years.

10. The Trustee has been and is ready to wind down the Macon case but has needed to await any distribution on the Claim before he can do so.

11. PFG has offered to purchase the Claim from the Trustee for the amount of

$20,000.00.

12.  The Trustee has determined that this would provide reasonable value for the Estate and allow him to promptly close this Estate without further delay waiting on a distribution on the Claim.

13.  PFG has provided an Assignment of Claim Agreement (the "Agreement") whereby the Trustee would sell and assign the Claim to PFG. A copy of such Agreement is attached hereto as Exhibit A.

14.  The Agreement generally provides for a purchase price of $20,000.00 ("Purchase Price") for the Claim to be paid by PFG to the Trustee for the benefit of the Debtor's Estate. The negotiations were conducted at arm's length and in good faith. The Trustee has no connection to PFG and is unaware of any relationship between PFG and the Debtor, the Debtor's principals, or their agents. Further, there is no evidence of bad faith or a lack of good faith.

15.  In accordance with the Agreement, PFG would purchase the Claim as is, where is and have no recourse against the Estate or the Trustee.

16.  The Trustee is not aware of any liens, or any basis whereby anyone could assert a lien on or interest in the Claim.

17.  In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Claim and represents the highest and best offer for the sale of the Claim. Additionally, the benefit of receiving immediate payment for the Claim outweighs the potential benefit of awaiting the eventual distribution on the Claim from the Matthews Steel Case.

## Bidding Procedures

18.  In addition to the notice given above, contemporaneously herewith, the Trustee is

filing a notice of hearing on the Motion (the "Notice"), which also sets forth the deadline by which objections or responses to this Motion must be filed with the Court (the "Response Deadline").

19. The Trustee is prepared to consummate the sale of the Claim to PFG pursuant to the terms set forth herein and in the Agreement. Notwithstanding, in the event a party other than PFG (each, a "Competing Bidder") wishes to purchase the Claim, the Trustee requests that the Court approve the Trustee's application of the overbid procedures set forth below (collectively, "Bidding Procedures"), the practicality and efficiency of which serve the best interests of the Debtor's Estate and creditors: [1]

   a. Each Competing Bidder who wants to participate in the overbid process must notify the Trustee of their overbid in accordance with the Notice on or before the Response Deadline;

   b. the first overbid by a Competing Bidder for the Claim must be at least $2,000 more than the Purchase Price, or a total of $22,000;

   c. each Competing Bidder must also deliver a Cashier's Check to the Trustee in the amount of such Competing Bidder's first overbid on or before 5:00 PM on March 9, 2026;

   d. each subsequent overbid for the Claim must be in additional increments of at least $500.00, unless otherwise agreed by the parties or directed by the Court;

   e. any Competing Bidder for the Claim must purchase the Claim under the same terms and conditions set forth in the Agreement, other than the Purchase Price;

   f. in the event the Trustee receives an overbid that meets the foregoing conditions, the Trustee will notify PFG and any Competing Bidders and schedule a telephonic auction for Thursday, March 12, 2026 beginning at 10:00 A.M. CST;

   g. at the time of the hearing on the Motion, the Trustee will request that the Court approve the winning bidder as the purchaser.

---

[1] The Trustee makes this request out of an abundance of caution to protect the interests of the Debtor's Estate and its creditors. Trustees too often receive sale inquiries that merely suggest an interest in bidding but are not actual overbids, resulting in unnecessary time and expense to the estate if they must prepare for an auction and hearing all for naught. The Trustee understands that the Bidding Procedures may be considered mooted in the absence of a Competing Bidder.

**Requested Relief**

20. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Claim free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Agreement

**Authority for Requested Relief**

21. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

22. To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

23. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

24. The Trustee submits that the sale of the Claim pursuant to the Purchase Agreement represents a prudent and proper exercise of the Trustee's business judgment under the circumstances and is in the best interests of creditors of the Debtor's Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Proceeding with the sale of the Claim to PFG will allow the Trustee to close this case without further delay awaiting payment on the claim from the Matthews Steel case. Therefore, the Trustee respectfully requests that the Court approve the sale of the Claim to PFG.

25. Moreover, based on the foregoing, PFG should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *see also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

26. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell

assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

 a. Applicable non-bankruptcy law permits sale of such property free and clear of such interest;

 b. Such entity consents;

 c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

 d. Such interest is in bona fide dispute; or

 e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). The Trustee is not aware of any liens, claims or encumbrances on the Claim. To the extent that there are interests that may be asserted in the Claim, the Trustee believes that one or more of the aforementioned conditions have been satisfied. Finally, the Trustee's proposed Bidding Procedures are appropriate and should be approved by the Court provided that a Competing Bidder submits an overbid to purchase the Claim. The Bidding Procedures not only provide parties sufficient notice for participation, but also permit the Trustee to apply a fair, practical and efficient means to receive and evaluate overbids for the Claim. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. *See, e.g.*, *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). PFG has expended, and will continue to expend, time, money, and energy pursuing the purchase of the Claim as proposed herein, and has engaged in good

faith, arm's length negotiations with the Trustee.

## Waiver of Stay of Order

27.     To successfully implement the Purchase Agreement, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

## Notice

28.     Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, PFG, and all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

## Prayer

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Claim pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated: February 19, 2026

Respectfully submitted,

*/s/ Michael W. Sebesta*
Michael W. Sebesta
State Bar No. 24033171
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Direct Dial: (214) 573- 7306
Email: msebesta@chfirm.com

Attorneys for Behrooz P. Vida, Chapter 7 Trustee